IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-00287-FDW

| | |
|---|---|
| DONALD JESSE COGDILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| CHEROKEE COUNTY ) | **ORDER** |
| DETENTION CENTER; ) | |
| FNU BROOKS, Officer, Substitute ) | |
| Sergeant; Cherokee County ) | |
| Detention Center; MARK PATTERSON, ) | |
| Captain, Cherokee County Detention ) | |
| Center; MEDICAL STAFF @ CCDN, ) | |
| *Names Unknown by Plaintiff,* ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). For the reasons that follow, Plaintiff's complaint will be dismissed.

I. BACKGROUND

According to his complaint, Plaintiff was a pretrial detainee housed in the Cherokee County Detention Center (CCDC) when he was assaulted by three, unnamed fellow inmates in B-POD. Plaintiff suffered serious injuries in the assault and was transported to Murphy Medical Center for treatment. Plaintiff expresses that he was scared to inform the guards that he had been fighting; however the fight was captured on camera footage taken within the jail "and the hospital records told the story to the guards." Prison officials questioned Plaintiff about the fight, but he was reluctant to provide them with any information. (Compl. at 3).

Plaintiff remained in the medical ward of CCDC for two days and then he was transported back to the same B-POD, and with the same individuals that assaulted him. Plaintiff protested and he was immediately transferred to another location, D-POD, and he was again assaulted.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

Claims regarding conditions of confinement brought by pretrial detainees in state custody are examined under the due process clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 (1979). "The due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner . . ." Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988) (citing City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983)). "[W]hen the States takes a person into custody and holds him there against his will, the

2

Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 199-200 (1989) (internal citation omitted). In Kingsley v. Hendrickson, the Supreme Court held that with regard to a pretrial detainees' claim of a due process violation, the detainee need only show that the officers' actions were "objectively unreasonable." 135 S. Ct. 2466, 2472-73 (2015).

Turning to the present case, Plaintiff fails to establish that any officer had knowledge or reason to know that his safety was at risk while he was housed in B-POD prior to the assault, and the allegations demonstrate that once he was injured during the fight he was removed and transported to Murphy Medical Center for medical treatment and continued to receive medical attention at CCDC upon his return.

What is another matter is that when Plaintiff was released from the medical ward at CCDC he was placed right back into B-POD with the very detainees that injured him. However, Plaintiff has failed to meet his burden of establishing that any of the defendants violated his due process rights because, as Plaintiff admits, he was immediately removed from B-POD without further attack after he brought this fact to the officers' attention. Plaintiff was then moved to D-POD and although he was immediately assaulted, there are no allegations which could reasonably support an inference that any of the guards knew or should have known that he was under imminent risk of serious danger, or any danger at all for the matter upon transfer.

Finally, the Court finds that Plaintiff's blank assertion that "Captain Patterson knew of the whole scenario, and approved of me being placed back in the same pod (B-POD) as my assailants, and I suspect he had the most to do with the second assault when I was placed in D-POD, fails to state a claim for relief. In other words, this statement is the product of pure speculation and therefore fails to state a due process violation.

IV.     CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and his complaint will be dismissed. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**SO ORDERED.**

Signed: September 7, 2016

Frank D. Whitney
Chief United States District Judge